UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STERLING STEVENS,

                              Plaintiff,                    9:20-cv-853 (BKS/ATB)

v.

SERGEANT DUQUETTE, et al.,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Sterling Stevens
16-A-2565
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

*For Defendants:*
Letitia James
Attorney General of the State of New York
David C. White
Assistant Attorney General
New York State Attorney General's Office
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

      Plaintiff Sterling Stevens, a New York State inmate, commenced this action under 42 U.S.C. § 1983 asserting claims arising out of his incarceration at Clinton Correctional Facility. (Dkt. No. 1). Plaintiff's First Amendment retaliation claims against Defendants Sergeant Duquette and Correctional Officer Miller survived the Court's initial review of the complaint under 28 U.S.C. §§ 1915, 1915A. (Dkt. No. 7). On August 31, 2021, Defendants Duquette and

Miller filed a motion for summary judgment under Fed. R. Civ. P. 56. (Dkt. No. 31). The motion has been fully briefed, with a response by Plaintiff and a reply by the Defendants. (Dkt. Nos. 36, 37). This matter was referred to United States Magistrate Judge Andrew T. Baxter who, on April 19, 2022, issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted, and that the complaint be dismissed with prejudice. (Dkt. No. 39). Magistrate Judge Baxter advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 39, at 23). Plaintiff filed an objection to the Report-Recommendation. (Dkt. No. 43).

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296.

In his Report-Recommendation, Magistrate Judge Baxter concluded that the complaint against Defendant Miller was not subject to dismissal for failure to exhaust administrative remedies, but that the complaint should be dismissed in its entirety on the merits because Plaintiff failed to raise an issue of material fact as to his First Amendment retaliation claims against Defendants Miller and Duquette. (Dkt. No. 39). Plaintiff has not objected to Magistrate Judge Baxter's analysis of his First Amendment claims; in his objection Plaintiff asserts that his claims should not be barred for failure to exhaust administrative remedies. (Dkt. No. 43). This, however, is not an objection to the Report-Recommendation, which agreed with Plaintiff that dismissal for failure to exhaust administrative remedies was not warranted. Plaintiff has not asserted any objection to Magistrate Judge Baxter's determination that he failed to raise an issue of material fact as to his First Amendment retaliation claims. The Court has, accordingly, has reviewed that analysis for clear error and found none. For the foregoing reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 39) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 31) is **GRANTED,** and the complaint is **DISMISSED** in its entirety **with prejudice**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 24, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge